1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

8

9    UNITED STATES OF AMERICA,

10                              Plaintiff,          Case No. 2:25-CR-0130-TOR

11
          v.
12
                                                   Protective Order For Minors and Order
13    BRANDY ANN WAPATO,                            Re: Compliance with 18 U.S.C.
                                                   § 3509(d)
14                              Defendant.

15

16

17        IT IS HEREBY ORDERED that the Government's Motion for a Protective Order

18   re Minor's Identifying Information, ECF No. 21, is GRANTED.

19        IT IS FURTHER ORDERED, that the privacy protection measures mandated by

20   18 U.S.C. § 3509(d), when a case involves a person under the age of eighteen years who

21   is alleged to be a victim of a crime of physical abuse, or a witness to a crime committed

22   against another person, apply to this case, thus;

23        IT IS FURTHER ORDERED that all persons acting in this case in a capacity

24   described in 18 U.S.C. § 3509(d)(1)(B), shall follow and abide by the privacy

25   protections of 18 U.S.C. § 3509(d)(1) and (2) as follows:

26        (1)    Confidentiality of information.

27             (A)    A person acting in a capacity described in subparagraph (B) in
                      connection with a criminal proceeding shall–
28

PROTECTIVE ORDER RE MINORS' IDENTIFYING INFORMATION - 1

(i) keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

(ii) disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

(B) Subparagraph (A) applies to–

(i) all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;

(ii) employees of the court;

(iii) the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

(iv) members of the jury.

(2) Filing under seal. All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court–

(A) the complete paper to be kept under seal; and

(B) the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

IT IS FURTHER ORDERED that counsel shall remind all persons providing assistance on this case of these obligations.

IT IS FURTHER ORDERED that any alleged victim will be referred to either by pseudonyms, whichever is agreed upon by counsel for the Government and the Defendant. Counsel shall be consistent in their use of the identifier selected. The parties shall prepare their witnesses and instruct them to refer to the alleged victims only by

PROTECTIVE ORDER RE MINORS' IDENTIFYING INFORMATION - 2

using the agreed pseudonyms (e.g., "MINOR 1", "MINOR 2" etc.), rather than their names, in opening statements and in closing arguments.

IT IS FURTHER ORDERED that all personal information relating to any victim described above shall be precluded from public disclosure.

IT IS SO ORDERED. The Clerk shall enter this Order and furnish copies to counsel.

DATED September 23, 2025.



Thomas O. Rice
United States District Judge

PROTECTIVE ORDER RE MINORS' IDENTIFYING INFORMATION - 3