FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 06, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-CR-00130-TOR-1 |
| Plaintiff, | ORDER MODIFYING ORDER RELEASING DEFENDANT TO INPATIENT SUBSTANCE ABUSE TREATMENT |
| v. | |
| BRANDY ANN WAPATO, | |
| Defendant. | **MOTION GRANTED<br>(ECF NO. 34)** |

On February 5, 2026, the Court held a detention review hearing to consider Defendant BRANDY ANN WAPATO's Motion to Modify Conditions of Release Following Treatment Graduation. **ECF No. 34**. Defendant appeared while in custody represented by Federal Defender Andrea George. Assistant U.S. Attorney Alison Gregoire represented the United States. U.S. Probation Officer Melissa Hanson was also present.

Defendant completed inpatient treatment on February 5, 2026, and now requests release to reside at a Revive clean and sober house. Neither U.S. Probation nor the United States oppose Defendant's release plan.

The Court finds: 1) the release conditions imposed in this Order are further both a sufficient combination of conditions that will reasonably assure Defendant's appearance at future proceedings and a sufficient combination of conditions that will reasonably assure the safety of other persons and the community if Defendant is released; and 2) the Government, by way of its non-opposition to the Defendant's motion, concurs that the release conditions imposed in this Order are both a sufficient combination of conditions that will reasonably assure Defendant's

ORDER - 1

appearance at future proceedings and a sufficient combination of conditions that will reasonably assure the safety of other persons and the community if Defendant is released.

Accordingly, the Court finding good cause, **IT IS ORDERED:**

1. Defendant's Motion to Modify Conditions of Release Following Treatment Graduation, **ECF No. 34**, is **GRANTED**. Defendant is no longer required to return to the custody of the U.S. Marshal upon completion of inpatient substance abuse treatment.

2. Defendant shall be released on the previously imposed conditions of temporary pretrial release, ECF No. 25, and the following additional conditions are also imposed:

   a. Defendant shall reside at a Revive clean and sober house, and follow all rules of the facility. Defendant may not change residences without prior approval or Pretrial Services.

   b. Defendant shall participate in outpatient substance abuse treatment and follow recommended treatment as directed by the service provider and Pretrial Services.

3. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party

ORDER - 2

listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument. **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy. Yakima cases shall be heard on the following Wednesday docket**, and **Richland cases shall be heard on the following Thursday docket.** If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

    4.    If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED February 6, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 3